G. Thomas Martin III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
Ryan Lee, Esq. (SBN 235879)
Michael S. Agruss (SBN 259567)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90025
T: (323) 988-2400 x252; F: (866) 802-0021
tmartin@consumerlawcenter.com
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| BERLIN LILLARD<br><br>             Plaintiff,<br><br>     vs.<br><br>NATIONAL ACTION FINANCIAL SERVICES, INC.<br><br>             Defendant. | Case No.:<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

# COMPLAINT

COMES NOW the Plaintiff, BERLIN LILLARD ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL ACTION FINANCIAL SERVICE, INC. alleges and affirmatively states as follows:

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NATIONAL ACTION FINANCIAL SERVICES, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Mountain House, County of San Joaquin, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with a business office in the City of Williamsville, County of Erie, State of New York

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

VERIFIED COMPLAINT

## FACTUAL ALLEGATIONS

14. Defendant has constantly and continuously placed collection calls to Plaintiff's home phone at (209) 830-8904 seeking and demanding payment for an alleged debt.

15. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

16. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

17. Defendant called Plaintiff after 9:00 p.m.

18. Defendant talked to Plaintiff's wife in a belligerent, abusive and harassing manner, telling her that Plaintiff "shouldn't have gotten the truck if he can't afford it."

19. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by causing a telephone to ring after 9 o'clock postmeridian, local time at the Plaintiff's location.

    b. Defendant Violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    c. Defendant Violated *§1692(d)(2)* of the FDCPA by using language the natural

consequence of which is to abuse the Plaintiff.

d. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

22. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit "A").

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

23. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

24. Defendant violated the RFDCPA based on the following:

a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

b. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

   d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

25. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit "A").

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

27. Actual damages.

28. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

29. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

30. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

31. Any other relief that this court deems to be just and proper.

            RESPECTFULLY SUBMITTED,

DATED:  April 21, 2009    KROHN & MOSS, LTD.


           By: /s/ G. Thomas Martin, III

           G. Thomas Martin, III
           Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BERLIN LILLARD, hereby demands trial by jury in this action.

16  7.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

17

18

19   Pursuant to 28 U.S.C. § 1746(2), I, BERLIN LILLARD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

20   DATED: April 21, 2009

21   BERLIN LILLARD, PLAINTIFF

22

23

24

25

- 8 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT A**

VERIFIED COMPLAINT

Case 2:09-cv-01096-JAM-KJM    Document 1    Filed 04/22/2009    Page 10 of 10